No. 806.

### THE STATE VS. WILLIAM THOMAS.

The objection that one of the grand jurors who found the bill was himself under indictment for an offence punishable by hard labor comes too late in a motion for a new trial.

The presence of the prisoner when the motion for a new trial was made and overruled is not essential.

APPEAL from the District Court for Claiborne. GRAHAM, J.

*Barksdale,* District Attorney, for the State. *Young* and *Vaughn* for the Defendant.

MANNING, C. J. The defendant was convicted of murder — the jury qualified their verdict — and he was sentenced to confinement at hard labor for life.

He moved for a new trial on the ground, that one Hyde, one of the grand jurors at that term of court when the bill was found, was himself under indictment for an offence punishable by imprisonment in the penitentiary.

It was too late to object to this after a trial by the petit jury.

The assignment of errors contains only two features, viz., that the record does not shew that the prisoner was present when the motion for a new trial was made and overruled, nor when the sentence was pronounced.

His presence on the overruling of the motion for a new trial is not essential. The record does shew that he was present when sentence was pronounced. The clerk does not state it in his minute, but the judge states it substantially in the recitals of his judgment.

*Judgment affirmed.*